CHIEF JUSTICE PETERS
delivered the opinion oe the court.
This suit in equity was brought by appellee against appellant to enforce the .payment of two notes for $319.50 each, past due at the institution of the suit, which are substantially set forth in the petition; and appellee then avers that they were given in part pay for a tract of land in Fayette County, Ky., containing 11 acres, 3 roods, and 37 poles, which was sold by plaintiff to defendant; it being the same tract of land conveyed by H. T. Bodley, commissioner of the Fayette Circuit Court, to plaintiff. And, after describing the land by metes and bounds, the petition concludes in these words: “ Plaintiff says he never made a deed to said Calvin, and has a lien on it for the payment of this part of the purchase - money. He therefore prays for a judgment asserting such lien, and for a sale of said land, or so much thereof as may be necessary to pay said debt, interest, and the costs of this suit.
In appellant’s answer he alleged — -first, that he had paid off and satisfied the notes sued on, by work and labor done and performed for plaintiff, and at his instance and request, which amounted, with the interest, to the sum of $978.69, and *103 he pleads the same as a set-off against the demand for which he is sued; second, that the notes were executed for the second and third payments on the tract of land described in the petition, for which plaintiff bound himself to make to defendant a good and sufficient deed, but that he had never made to him a deed for the land nor offered to do so, and that he is unable to make such a deed as he covenanted to make; third, that the tract was sold to appellant by the acre, and appellee represented it as containing 11 acres, 3 roods, and 37 poles; that there is not that quantity of land in the tract, and he asks for an abatement of the price for the deficit; and, lastly, he claims a credit for $20, money paid to two of the heirs of Hukle, through whom appellee claims to derive title.
Appellee filed a reply to the set-off, which was treated by the court below as a traverse of all the matters pleaded as such.
No demurrer was filed to any of the pleadings; and, after the depositions of numerous witnesses had been taken by each party, and both had testified in their own behalf, the case was finally heard; and the court adjudged to appellee the amount of the two notes sued on, with interest at the rate of six per cent per annum from their maturity till paid, subject to a credit of $10 as of March 17, 1858, and of $140 as of date 7th of August, 1858, and the costs of suit; and further adjudged that the land should be sold, or so much thereof as would be necessary to pay the sums adjudged to appellee. And from that judgment this appeal is prosecuted.
It is shown, in the petition, that the land for which the notes were given has not been conveyed.
It has been repeatedly held by this court that a party seeking to enforce a vendor’s lien for unpaid purchase-money for land must set forth, substantially, the terms of the agreement between the vendor and vendee, the character of title to be made, and that he is both able and willing to convey the *104 title according to the terms of the contract of sale. These, with an averment of the amount of purchase-money unpaid, are necessary, and a failure to make them in the petition will be fatal to a judgment for a sale of the land to satisfy the amount claimed to be due. (Shelton v. Gardner, &c., 5 Littell, 8; Steers v. Mason, MS. Opinion, June, 1856; Ready v. Smith, MS. Opinion, January, 1856; Noe v. Dougherty, MS. Opinion, December, 1857.)
Appellee failed to set forth the character of title he contracted to convey to appellant, and to allege that he had title to the land; and if he had any, he did not allege that he was willing to convey such as he had; and notwithstanding his ability to make a title was denied in the answer, he failed to amend his petition and to exhibit his title.
Nor are we satisfied that the matters pleaded as. a set-off by appellant are sufficiently controverted by the reply.
But as the facts stated in the petition do not authorize the judgment rendered, the same is reversed, and the cause is remanded, with directions to permit the parties to amend their pleadings, and for further proceedings consistent herewith.