CASE 95—EQUITY—SEPTEMBER 28, 1881.

## Phillips v. Breck's ex'r.

### APPEAL FROM LEE CIRCUIT COURT.

1. It was neither necessary nor proper that the executor should aver that he was able and willing to convey the title to the land sold by the decedent, as the will gave him no power to do it.

2. The devisees were, in this state of case, necessary parties, and to authorize a judgment of sale against the vendee, it must be averred that they were able and willing to convey a good title to the vendee.

3. If the devisees be infants, or refuse to convey, an averment by the executor of the contract, the character of the title the testator bound himself to make, and that the infants or those refusing to convey had a good title, or such title as the testator agreed to convey, must be made.

S. F. J. TRABUE, W. LINDSAY, AND A. DUVALL FOR APPELLANT.

Appellee's pleadings show title in the testator at the time of his death, and failed to show title either in his executor, or devisees, or heirs at law. It was error to render judgment for the sale of the land. (3 Bush, 187.)

ISAAC N. CARDWELL FOR APPELLEE.

1. No error was committed by the court to the prejudice of appellant.

2. The court ordered appellee to make decedent's devisees parties against his protest.   Appellee contends that the will gave the executor ample power to convey the land.   (Judge Breck's will, p. 38.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

In none of the pleadings filed by the executor, heirs, or devisees is it alleged that the title to the "Yellow Rock" tract of land is in the devisees of Daniel Breck, deceased.

The right of action was in the executor for whatever sum the appellant may be indebted to his testator for the lands sold by the latter to him, and for which the appellant holds the bond of the testator for title.   But it was not necessary or proper that he should aver he was able and willing to convey the title which his testator had covenanted to convey, for the manifest reason that he had no power under the will of the testator to make a conveyance.   And as he could not therefore tender a sufficient title, because the devisees held it, they were properly brought before the court, and should be compelled to convey in the event the executor makes out his cause of action.

But making them parties and their appearance did not dispense with the necessity of an allegation by them or the executor *that they had a good title to the land* described in the title-bond of their devisor, because the title might be defective, or they may have parted with it since it came to them.

It is essential to a recovery in a case of this character for the vendor, or, if he be dead, for his heirs or devisees, to allege, and prove if not admitted, the terms of the contract, the character of title to be made, and their ability and willingness to convey, except the heirs or devisees be infants, or refuse to convey ; as to such an allegation by the executor of the terms of the contract, the character of title his testator agreed to make, and that the incapacitated or recal-

Phillips v. Breck's ex'r.

citrant heirs or devisees *had a good title to the land, or such a title to it as the testator had agreed to convey*, and that they either lacked capacity or refused to convey, as the case may be, will be sufficient to authorize the court, when they are properly brought before it, to compel them to convey.

In all such cases as this it must be averred by either the executor or devisees *in whom the title rests*, that fact being essential to the formation of a material issue in the case, should there be any dispute about it. (5 Littell, 8; 3 Bush, 187; 12 Bush, 104.)

The pleadings were insufficient to authorize a recovery on the notes executed for the Yellow Rock tract of land.

The preponderance of the evidence is, that the appellant's true signature is attached to the paper filed by the executor as evidence of a settlement and the amount of payments made by the former to the testator.

The court below having so decided, we do not see how we can disturb its conclusions.

The alterations in the paper do not change its legal sense, and are therefore not material, and we do not think that the substantial rights of the appellant have been affected by its admission, notwithstanding the executor did not testify upon that question, and the paper was produced by him.

There is no evidence that he altered it.

And we have seen the alterations added nothing to his interest, but hazarded the value of the paper as evidence. It cannot be presumed that he would have committed such an act without motive, and against his own interest.

Wherefore, so much of the judgment as is for the sale of the Yellow Rock tract of land, and for the amount of the notes executed for it, is reversed, and cause remanded, for further proper proceedings.