CASE 57—PETITION EQUITY—FEBRUARY 4.

## Williams vs. Abrahams.

APPEAL FROM GRANT CIRCUIT COURT.

1. The vendor is not entitled to a judgment for the foreclosure of an alleged lien on land, when in his petition it is not alleged what were the terms of the contract of sale between the parties, nor that he is able to convey according to the terms of the contract, nor that he has the legal title to the land.

2. The tender of a deed which fails to convey in compliance with the contract of sale, or which fails to give a sufficient description of the land, is not good.

E. H. SMITH,                                    For Appellant,

CITED—

*Story's Equity Pleadings, sec.* 241.

14 *B. Mon.*, 85 ; *Hill, &c., vs. Barnett.*

3 *Marshall*, 418 ; *Burch vs. Young.*

*Civil Code, sec.* 149, *and notes.*

G. W. CRADDOCK,                                For Appellee,

CITED—

*Myers' Code, notes on sec.* 406.

Williams vs. Abrahams.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

This action was brought in ordinary upon a note for the last installment of the price of land sold by appellee to appellant, situate in Grant county.

The petition contains two paragraphs, the first of which sets out a cause of action upon the note quite sufficient to authorize a personal judgment against the obligor.

The second paragraph is drawn with a view to obtain a judgment to enforce an alleged lien on the land for a part of the price for which the note was executed.

A general demurrer was put into the petition by appellant, which the court overruled; and, failing to make further defense, a personal judgment was rendered against him for the debt, and also a judgment to enforce the lien, and subject so much of the land as should be required therefor to the payment of the debt; and from that judgment Williams has appealed.

The facts alleged in the petition are sufficient to sustain the judgment *in personam* against appellant for the debt, but wholly insufficient to authorize a judgment for the enforcement of a vendor's lien. It is not alleged in the petition what were the terms of the contract of sale between the parties; nor is it alleged that appellee is able to convey according to the terms of their contract, nor that he has the legal title to the land. He tenders what he calls a deed for some land in Grant county, Kentucky, adjoining the town of Crittenden, supposed to contain thirty-three and one third acres, without metes or bounds, and without any other description of the land, except a recital that he purchased the land of Mary F. and Elizabeth Bagby, now living in the county of Henry, which is in effect a reference to those ladies in Henry county to ascertain where the land is located, if a more

particular description of it should be desired than that it was in Grant county, and in some way adjoined Crittenden; and although the deed recites from whom the grantor purchased the land, no reference is made to a conveyance from his vendors; nor is it alleged that they had any title to the land, or had ever conveyed it to the grantor.

Besides, the instrument tendered as the deed is a mere covenant that, upon the payment of the money due on said note, appellant and his heirs shall have and hold said tract of land with, &c., and is wholly insufficient to vest him with the absolute, unconditional fee simple, and there is no averment in the petition that said conveyance is in accordance, and a compliance, with the contract of sale.

As, therefore, the allegations of the petition are wholly insufficient to authorize the sale of the land for the satisfaction of the debt, the judgment for the sale thereof is *reversed*, and the cause remanded, with directions to permit appellee to amend his petition, if he should within reasonable time move to do so, and for further proceedings consistent herewith.