## GRAY & BEST v. WM. GARRISON.

[Abstract Kentucky Law Reporter, Vol. 2—218.]

**Petition on Contract.**

A demurrer should be sustained to a petition for breach of a contract when it contains no allegation of a readiness and willingness on the part of plaintiff to comply with his contract of purchase.

**Effect of a General Demurrer.**

Where a part of a paragraph of answer is bad, and a portion of the paragraph states a defense, a general demurrer to the whole paragraph should be overruled.

**Variance.**

When a party declares upon one contract and establishes by proof another contract, there is a fatal variance. There can no more be a recovery without allegation than there can be on a controverted point without proof.

APPEAL FROM MASON CIRCUIT COURT.

February 5, 1881.

OPINION BY JUDGE HINES:

The demurrer to the petition was properly sustained because of the failure of appellants to allege their readiness and willingness to comply with their contract of purchase. The demurrer to the second paragraph of the answer was properly overruled. The first paragraph denied the purchase of a crop of tobacco of appellee, amounting to 4,000 pounds at eight cents per pound, while the second paragraph alleged the purchase to be of an undivided crop of tobacco of 8,000 pounds, belonging jointly to appellee and Chambers, and also alleged that it had been agreed between appellee and Chambers that Chambers should fix the price of the tobacco, and that the whole crop should be sold together. The demurrer was general to the entire paragraph, and while that portion of the paragraph alleging the agreement between appellee and Chambers, of which appellant had no notice, is doubtless bad, the first portion of the paragraph alleging the purchase of a crop of tobacco belonging jointly to appellee and Chambers being good, the demurrer to the whole paragraph was properly overruled.

The admission of the evidence of the agreement between appellee and Chambers that the entire crop should be sold in bulk was not detrimental to appellants because, independent of this, on the pleadings and evidence furnished by appellant, Best, appellee, was entitled to a peremptory instruction to find for him. The petition proceeds upon the assumption that the contract of purchase was of 4,000 pounds of tobacco belonging to appellee, while appellants, by failing to deny the first part of the second paragraph of the answer, admit that the purchase was of the whole crop of 8,000 pounds belonging jointly to appellee and Chambers; and in the bill of exceptions appellant, Best, expressly states that the purchase was of the whole crop, and not of the interest of the appellee in the crop. Appellants allege one contract and establish by proof another, which results in a fatal variance. There can no more be a recovery without allegation than there can be, on a controverted point, without proof.

By reason of appellants' failure to reply to the first part of the second paragraph and of the evidence of Best, appellee was entitled

to recover without regard to the evidence as to the agreement be-
tween himself and Chambers, and therefore the instructions asked
for by appellants were properly refused, and the instruction given
was more favorable to appellants than the pleadings and proof
authorized.

Judgment *affirmed.*

L. W. Robertson, E. Whittaker, for appellants.

[Cited, *Boyd's Admr. v. Farmers' Nat. Bank,* 24 Ky. L. 756.]