### J. G. McCulloch *v.* Henry V. Sanders' Exr.

[Abstract Kentucky Law Reporter, Vol. 5—517.]

**Power of Executor to Sell Real Estate.**

Where a testator directs the payment of debts by the sale or rent of the property, the executor has authority to sell the real estate and has the discretion as to the time, manner and terms of sale. When it is necessary to pay debts an executor has the power to do so, given by the statute.

APPEAL FROM LOUISVILLE CHANCERY COURT.

December 6, 1883.

OPINION BY JUDGE LEWIS:

The question as to the power of the executor of the will of Luther Howard, deceased, to sell the eight acres of land mentioned therein, which is the only one in the case, arises on the general demurrer of the purchaser of the property to the petition filed against him by the executor to compel a specific performance of the contract of sale.

The leading idea in the mind of the testator as shown in the second, third and fourth clauses of the will was the payment of his debts, and especially one which he owed to his daughter, Mrs. Sanders, and no other way is suggested or appears to have existed by which to accomplish that object except a sale of the property in question. Though the testator in the second clause directs the debt mentioned to be paid by the sale or rent of the property, and in the fourth clause gives to the executor the discretionary power to exchange the property mentioned for other property in the city of Louisville, it is obvious that he did not intend to, as he must have been aware he could not, require his creditors to look to or wait for rents of the property, or consent to an exchange of it for other property without provision being made to pay them.

It is true that no express power in respect to the property is in terms given to the executor except in the fourth clause, where he is empowered to exchange it. Nevertheless it being, as has been shown, clearly the intention of the testator that the property should be sold, and a sale being in fact directed if necessary to pay debts, under Gen. Stat. 1881, ch. 39, art. 1, § 9, the executor of the will is empowered to sell and convey it. Being thus invested with the power to sell, he has the discretion as to the time, manner and terms of sale.

The judgment is *affirmed.*

*A. P. Humphrey, for appellant.*

*Jas. S. Pirtle, for appellee.*

[Cited, *Dunevant v. Radford's Admr.*, 140 Ky. 433, 131 S. W. 185.]