CASE 21—PETITION EQUITY—MARCH 17.

## Bullock v. Graham & Co.

APPEAL FROM NELSON CIRCUIT COURT.

1. To AUTHORIZE THE ENFORCEMENT OF A VENDOR'S LIEN the plaintiff must set out the contract, and, if he has not already conveyed, the character of the title to be made. If he has conveyed, that fact should be stated, and if not, he must allege that he is able and willing to do so according to the terms of his contract.

2. WHERE THE VENDOR SEEKS BOTH A PERSONAL JUDGMENT AND A JUDGMENT FOR THE ENFORCEMENT OF HIS LIEN, he is entitled to the judgment *in personam* if the allegations of the petition are sufficient to authorize it, although they may not be sufficient to authorize the judgment *in rem*. And if the defendant desires to raise the question of want of consideration for the note, he must do so by answer and not by demurrer, the note itself importing a sufficient consideration.

J. W. THOMAS FOR APPELLANT.

To authorize the enforcement of a lien for purchase money for land, or to authorize a judgment for a deferred payment, the petition must set forth the terms of the agreement, character of title to be made, and the ability and willingness to convey according to the terms of purchase. (Williams v. Duncan, 3 Bush, 186; Calvin v. Duncan, 12 Bush, 102.)

NAT. W. HALSTEAD for appellees.

Plaintiff is entitled to personal judgment on a note for land notwithstanding the petition does not allege the contract of sale and purchase, nor the ability and readiness to convey, in such a way as to entitle plaintiff to a judgment for the enforcement of a lien. (3 Bibb, 317.)

JUDGE HOLT delivered the opinion of the court.

The appellant, James Bullock, executed his promissory note to one T. E. Boone, and the latter assigned it to the appellees, Graham & Co. It specifies that it is for the second payment on land, and that a lien is retained thereon to secure its payment. The appellees sued the appellant upon it, asking in their petition both a personal judgment, and that the lien be enforced against the land. The averments of the petition are sufficient to authorize a judgment *in personam* upon the note, but are insufficient to authorize one *in rem*. The appellant filed a general demurrer to the petition. It was properly overruled, because while the pleading was insufficient to authorize the enforcement of the lien, it did set out *in propria forma* a cause of action *in personam*. He declined to plead further, and a personal judgment only was rendered upon the note, the appellees dismissing the action without prejudice so far as it sought the enforcement of any lien.

As to it, the petition merely averred that the note was given for the purchase money for the land, describing it ; that the appellant was then in possession of it, and that the note had retained a lien upon it for its payment. It does not set forth the terms of the contract between the vendor and the vendee, or whether the vendor has already conveyed, or whether,

if not, he is able and willing to do so in conformity to his contract. It is necessary to the enforcement of the lien to set out the contract; the character of the title to be made, if it has not been done; but if already made, it should be stated; and if not done, then it must be averred that the vendor' is able and willing to do so according to the terms of his contract. (Williams v. Abrahams 3 Bush, 186; Calvin v. Duncan, 12 Bush, 101.) The petition was, therefore, insufficient to the enforcement of any lien; but this was not ordered. The omitted averments were only necessary to authorize a judgment *in rem;* they relate to it only, and their absence did not prevent a personal judgment upon an obligation which, in itself, imported a sufficient consideration. The averments of the petition being sufficient to authorize a personal judgment, and the appellant having been duly summoned, he should, if he desired to raise the question of consideration for the note, have done so by answer. He could not do it by demurrer.

Judgment affirmed.