CASE 100—PETITION EQUITY—JUNE 1.

# Bybee, &c., v. Smith.

APPEAL FROM BARREN CIRCUIT COURT.

1. VENDOR'S LIEN—PLEADING.—A petition to enforce a vendor's lien on land sold by title bond must set forth substantially the terms of the agreement between the vendor and vendee, the character of the title to be made, and that the plaintiff is both able and willing to convey the title according to the terms of the contract of sale.

2. MARRIED WOMEN.—Land to which a married woman has received a deed may be subjected to the payment of the unpaid purchase money thereon. But a married woman may rely upon her coverture to pre-vent the enforcement of an executory contract for the sale of land and for the purpose of having the contract rescinded and recovering back the purchase money paid; and as she is entitled to a lien on the land for the money she has paid on it, she need not offer in her plea to return to the vendor the possession of the land as a condition prece-dent of her right to have the contract rescinded.

J. A. ROUSSEAU FOR APPELLANTS.

1. In an action to enforce a lien for purchase money for land, when the

contract is evidenced by title bond, the petition must allege that the vendor has good title and is able and willing to convey. (Mills v. Metcalf, 3 Littell, 421; Calvin v. Duncan, 12 Bush, 102.)

2. A lien on land is only an incident to the debt contracted by the purchaser, and can not be enforced unless both parties are competent to contract. One of the contracting parties being a married woman, the contract of purchase was void. (7 Bush, 419; Robinson v. Robinson, 11 Bush, 178; Hawkins v. Brown, 80 Ky., 186; Burch v. Jones, Ky. L. Rep., vol. 9, 458.)

PORTER & McQUOWN FOR APPELLEE.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

There has been no brief filed for appellee.

The appellee, as the assignee of J. R. Smith of a note for $220.55, which was executed by the appellant, Mrs. F. M. Bybee, who was at that time, and is now, a married woman, brought suit against the appellant, joining with her her husband, on said note, and sought to enforce a lien on a certain tract of land, which, it is alleged, said J. R. Smith sold to Mrs. F. M. Bybee by title bond, and for the last payment of which the note sued on was executed.

The rule in this State is, that a vendor's petition against a vendee, to enforce his lien on land sold by title bond for the purchase money, "must set forth substantially the terms of the agreement between the vendor and vendee, the character of the title to be made, and that he is both able and willing to convey the title according to the terms of the contract of sale. (Calvin v. Duncan, 12 Bush, 102.) These necessary allegations were not set forth in the appellee's petition, and the demurrer to it should have been sustained.

The appellants interposed the plea of the coverture of Mrs. Bybee at the time she contracted for the land,

and received the bond for a title, and executed the note sued on, and asked that the contract be rescinded, and for judgment for the purchase money theretofore paid on the land, and for a lien on the land as security for its payment.

It is settled in this State, that after a married woman has received a deed for land, the same may be subjected to the payment of the unpaid purchase money thereon. (Worthley's Administrator v. Hammond, 13 Bush, 510.) This is for the reason, that as the contract has been fully executed, whereby the married woman has received the vendor's title to the land, she is estopped to deny him the right to subject the same to the payment of the purchase money. But in the case of an executory sale of land, the legal title remains in the vendor, and as the married woman's contract to accept it is not binding upon her, she may, without bringing herself within any equitable principle of estoppel, rely upon her coverture for the purpose of resisting the execution of the contract, and of having the same rescinded, and of recovering back the purchase money paid on the land, with a lien on the same as security for its payment. (Johnston, &c., v. Jones, 12 B. Mon., 328.) In such case, as she has a lien on the land for the money that she has paid on it, she need not offer, in her plea, to return to the vendor the possession of the land as a condition precedent of her right to have the contract rescinded. The demurrer to the plea of coverture should have been overruled; also to the plea of payment.

The judgment is reversed, with directions for further proceedings consistent with this opinion.