## Baird, et al. v. Prewitt.

(Decided May 12, 1914.)

### Appeal from Whitley Circuit Court.

1. Vendor and Purchaser—Remedies of Vendor—Lien and Recovery of Land—Pleading in General.—In an action to enforce a vendor's lien, the petition must set forth the terms of the contract in full or in substance; if conveyance has been made in accordance with the contract, that fact should be stated; if conveyance has not been so made, the plaintiff must allege his readiness and ability to so convey. And, where such petition does not give such description of the land that the court may ascertain therefrom whether or not the land is divisible, the better practice is to allege the fact in that respect; for the court must be satisfied from the pleadings or agreement of the parties, or from affidavits filed, or the report of commissioners in regard to this matter, before ordering a sale of real estate to enforce a lien

thereon. And, if no other liens upon the property so sought to be subjected are known to the plaintiff, it is advisable to so state in the petition, for Section 694 of the Civil Code requires that the plaintiff in an action to enforce a lien on real property shall state in his petition the liens, if any, held thereon by others. The petition must also describe the property in such definite manner that the court may without reference to any paper not made a part of the record, render a judgment in satisfaction of the lien sought to be enforced.

2.   Trial—Preliminary Proceedings—Time or Term of Court for Trial.—The time at which an action stands for trial is not affected by the fact that the petition when filed was unsigned; such defect may be remedied; and the action is pending from the time of the filing of the petition and issual of process thereon, even though the petition be unsigned.

3.   Continuance—Grounds.—Where the record fails to show that the defendants tendered and offered to file an answer, it was not error upon the face of the record for the court to overrule a motion for continuance, the only ground of the motion being that the petition was not signed until the term of court at which the answer was due; for the answer was due when the petition was signed.

4.   Judgment—On Trial of Issues—Conformity To Pleadings.—In an action to enforce a vendor's lien for purchase money, where the wife of vendee was made a defendant, but the petition fails to show that she was a party to the contract or signed the notes, it was error to render a judgment against her for the note sued on.

R. S. ROSE, R. L. POPE for appellant.

SHARP & SMITH for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

On August 13, 1913, J. F. Prewitt instituted this action in the Whitley Circuit Court against T. Y. Baird' and Mrs. T. Y. Baird, to enforce a lien for purchase money, upon a certain tract of land in Whitley County, which by a contract entered into between him and T. Y. Baird on February 24, 1911, he sold and agreed to convey to Baird in consideration of the sum of thirty-nine hundred dollars, of which five hundred dollars was paid in cash at the time of the execution of the contract, the remainder of the consideration being evidenced by notes.

On October 23, 1913, a motion for a rule to require him to do so having been entered by the defendant, the plaintiff for the first time signed the petition, signature thereof by either plaintiff or his attorney having been theretofore omitted.

On October 24, 1913, the defendant filed a demurrer to the petition, and the cause was submitted on the demurrer. On October 25, 1913, the court overruled the demurrer; and thereupon defendants moved the court to continue the case and allow them to file defense to the petition, which motion the court overruled; and judgment was thereupon entered in plaintiff's favor against the defendants for the amount of said notes, and a sale of the land was ordered in satisfaction thereof. These steps are shown only in the judgment, which, in part, is as follows:

"This cause being submitted to the court on the general demurrer to the petition of the plaintiff, and the court being advised, overruled said demurrer, to which the defendants at the time excepted and objected. Thereupon the defendants moved the court to continue the case and allow them to file their defense to the petition, and the court after considering said motion for a continuance, and being advised, overruled same, to which defendant at the time objected and excepted; and directed that judgment go against the defendants for the amount sued for, to which the defendants also objected and excepted at the time. It is ordered and adjudged by the court, etc."

1. Appellants complain that the court erred in overruling the motion for a continuance and to allow defense to be filed to the action. Appellants as a matter of right, were not entitled to a continuance for the term, but should have been given a reasonable opportunity to tender an answer during the term. However, the record does not show that any answer was tendered and the ruling of the court was therefore proper upon the face of the record.

2. It is also claimed by appellants that the court erred in rendering judgment on October 25, 1913, for the reason that although the petition was filed on August 8, 1913, it was not signed by the plaintiff or his attorney until October 23, and that until the petition was so signed, it was not a petition.

Section 115 of the Civil Code requires that pleadings must be signed by the parties who file them or by their attorney; and the petition was defective, but not fatally so. It was still a petition, and the failure to sign it could be remedied, and when remedied related back to the date of the filing thereof so far as it affects the question of requiring an answer to be filed at that term of the court.

Section 116 of the Civil Code provides that certain pleadings shall be verified, but by section 117, it is provided that failure to verify a petition required to be verified, is not ground for dismissal for want of verification, if the petition be verified on or before the calling of the case for trial. A failure to sign the petition may be remedied in like manner.

In City of Dayton v. Hirth, 121 Ky., 43, 27 R., 1209, 87 S. W., 1136, it was held that notwithstanding a failure to verify the petition, the action was pending from the date of the filing thereof and issual of summons thereon. By analogy, if the petition is unsigned, the action is nevertheless pending from the filing thereof and issual of summons thereon, although an answer is not due until the petition is so signed.

3. It is also insisted by appellants that the court erred in overruling the demurrer to the petition; and in this contention this court concurs.

In an action to enforce a vendor's lien, the petition must set forth the terms of the contract in full or in substance; if conveyance has been made in accordance with the contract, that fact should be stated; if conveyance has not been made, the plaintiff must allege his ability and readiness to so convey. Jefferson's Admr. v. Wilson, 4 R., 626; Saunders v. Saunders, 4 R., 626; Barnes v. Bennett, 5 R., 865; Bullock v. Graham, 87 Ky., 120, 9 R., 1004, 7 S. W., 889; Moore v. Moxley's Admr., 19 R., 160, 39 S. W., 420; Bybee v. Smith, 88 Ky., 648, 11 S. W., 722, 11 R., 163. The petition fails to make this essential allegation of conveyance, or readiness and ability to convey according to the terms of the contract.

4. Civil Code, section 694, provides that "before ordering a sale of real property for the payment of debt, the court must be satisfied by the pleadings, by an agreement of the parties, by affidavits filed, or by a report of commissioner or commissioners, whether or not the property can be divided without materially impairing its value."

In Sears v. Henry, 13 Bush, 413, this court said:

"We do not construe this section as requiring allegation to be made in the pleading to the effect that the property is divisible or indivisible. If the court is satisfied from the character of the boundary, or the number of acres in the tract as described in the pleadings, that a division can be had of the land, it is all that is required."

Neither the petition nor exhibit filed therewith describes the land or gives the number of acres in the boundary, and there is nothing in the record by which the court can form an opinion as to whether the property is divisible or not. We think that where, as in this case, the description of the land sought to be subjected, as given in the petition, does not show whether the property is divisible, the better practice would be to state the facts in that respect in the petition. Before ordering a sale of the land, the court must be satisfied concerning that matter in some way; and it is always advisable to make the allegation in the petition.

This same observation applies to the existence of other liens upon the property sought to be subjected. Section 694 of the Civil Code provides that the plaintiff in an action to enforce a lien on real property, shall state in his petition the liens, if any, which are held thereon by others. The better practice, where there are no other liens known to the plaintiff, is to state that fact in the petition. The petition herein fails to do this.

5. The description of the land sought to be subjected, as set out in the petition, is as follows: "A tract of land in Whitley County, Kentucky, and near Williamsburg, it being the same tract of land conveyed to J. F. Prewitt by deed recorded in Deed Book 59, page 412, in the clerk's office of the Whitley County Court, excepting therefrom two acres heretofore sold."

The description contained in the contract filed with the petition, is as follows: "A certain tract of land situated and being in Whitley County, Kentucky, about one mile northeast of Williamsburg, and for a full and complete description of same, reference is hereby made to a deed of conveyance from E. S. Davis and others to said Prewitt, which deed is recorded in the clerk's office of the Whitley County Court in Deed Book 59, at page 412, excepting from said boundary two acres of land heretofore sold by me to Cecil Prewitt, and which said two acres has heretofore been surveyed and set apart to him."

The description of the land in the petition is sufficient to uphold the contract, but it is not sufficient to support a judgment subjecting the land to the satisfaction of a lien for purchase money. The petition should contain a description of the property sufficiently definite to enable the court to render judgment without reference to any paper not made a part of the record; and the exclu-

sion mentioned should also be set out with such accuracy as to enable it to be identified. The petition was fatally defective; and the court should have sustained the demurrer to it.

6. Another serious error appears in the record. The name of Mrs. T. Y. Baird appears in the caption of the petition and in the caption of the judgment as a defendant; and the judgment is, in part, in this language: "It is ordered and adjudged by the court that the plaintiff, J. F. Prewitt, recover of the defendants the sum of $3,944.00 together with interest, etc." Just why Mrs. Baird was made a party defendant does not appear, as there is no allegation in the petition showing that she signed the notes, or is in any way bound therefor. The language of the judgment includes a recovery against her for the amount of the notes sued on, and as the records fail to show that she is in any way liable for any part of said amount, the judgment is erroneous as to her.

The judgment is reversed and cause remanded for proceedings consistent with this opinion.