## Hensley et al. v. Hensley et al.

(Decided March 17, 1933.)

208

EVERSOLE & EVERSOLE for appellants.

T. E. MOORE, Jr., for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN
—Reversing.

The appellees, Oda Hensley and Jimmie Lee Hensley, together with the latter's statutory guardian, brought this action against Isom Hensley, as administrator of the estate of Marion F. Hensley, deceased, and the sureties on his administrator's bond, R. L. Combs, C. B. Combs, and Manon Cornett. In their petition as amended, the plaintiffs averred that Marion F. Hensley died in 1931, leaving surviving him as his only heirs and distributees at law the plaintiff Oda Hensley, his widow, and Jimmie Lee Hensley, his infant son; that thereafter the defendant Isom Hensley was, by the Perry county court, appointed administrator of the estate of Marion F. Hensley; that he thereupon qualified as such, executing bond with his codefendants, the two Combs and Cornett, as his sureties; that thereafter there came into his hands as such administrator from the estate of the said decedent the sum of $1,258.41; that he paid over to the plaintiffs the sum of $400, but that he had declined to make any accounting for the rest of the estate of the decedent which had come into his possession; that thereupon proceedings were had in the Perry county court to require him to settle his accounts as administrator with the result that the Perry county court, after a due hearing, adjudged that there was due from him as administrator to the plaintiffs the additional sum of $857.16. It was for this sum that the plaintiffs sought judgment against the administrator and his sureties. The administrator made no defense nor did his surety Cornett. The two Combs, however, filed a special and general demurrer

and an answer later amended. By the answer as amended, the sureties affirmatively averred that at the time Marion F. Hensley died he was a nonresident of Kentucky; they also denied that he had ever been a resident of Kentucky; denied that he had any assets in Perry county or in the state of Kentucky at the time of his death; denied that there was any debt due him in the state of Kentucky or Perry county at the time of his death; and denied that the plaintiffs were the widow and son respectively of the decedent. Of course, the purpose of the denial of the residency in Kentucky, and especially Perry county, of the decedent at the time of his death and of the denial of any assets in Kentucky or Perry county belonging to the decedent, was an effort to raise the question of the jurisdiction of the Perry county court to appoint Isom Hensley administrator of the estate of Marion F. Hensley. A demurrer was interposed to the answer as amended, and, on it being sustained, the Combs declined to plead further and judgment was entered in accordance with the prayer of the petition. From this judgment this appeal is prosecuted by the Combs.

At the outset, a question is raised as to whether the statement of appeal required by section 739 of the Civil Code of Practice is sufficient to make the Combs parties appellant herein. We have read the statement and find in the body thereof the recitation that R. L. Combs and C. B. Combs are the appellants. This is sufficient to make them party appellants in this action.

It is argued that the demurrer to the answer as amended was properly sustained in that the sureties and Isom Hensley are estopped to question the fact that Isom Hensley was duly appointed administrator of the estate of Marion F. Hensley, deceased. They rely on the rule laid down in 11 R. C. L. 80, reading:

"The effect of the granting of letters of administration is sometimes determined on the principles of the doctrine of estoppel. If an administrator appointed by the probate court of the wrong county accepts the appointment, and, acting thereunder, obtains possession of the assets of an estate and converts them, the courts have held that neither he nor his sureties can question the validity of his appointment. And where an administrator, pursuant to the order and authority of a probate court, takes

the property of an estate which belongs to minor heirs, and misappropriates and dissipates it he cannot escape an accounting on the ground that his appointment was a nullity.''

The rule as thus announced seems to be supported by an abundance of authority. This position of the appellees may be conceded, but we are still confronted with the proposition that although a part of a pleading may ve bad, yet if on the whole it states a good cause of action or a good defense, it is not subject to attack by demurrer. Bullock v. Graham, 87 Ky. 120, 7 S. W. 889, 9 Ky. Law Rep. 1004; Gray & Best v. Garrison, 11 Ky. Op. 19. The bad portion should be eliminated by a motion to strike. In actions on an administrator's bond against the administrator and his sureties, the petition must show in what right or capacity the plaintiffs sue. 24 C. J. 1098. It follows that in an action by a distributee the petition must allege that the plaintiff is a distributee. Helm v. Donnelly, 5 Ky. Law Rep. 517. It being essential in the instant case to allege that the plaintiffs were distributees of the estate of Marion F. Hensley, deceased, it, of course, follows that the defendants could take issue on such allegation. This the sureties have done. They were not parties to the proceeding in the county court by which it was adjudged that the administrator should pay over to the plaintiffs in this action the sum of $857.16, and therefore these sureties are not concluded by that order. Inasmuch as they were entitled to take issue on the necessary allegation in the petition that the plaintiffs were the heirs and distributees at law of the decedent and have done so by proper averment, it follows that at least to this extent the answer as amended was good and the court erred in sustaining a demurrer thereto. For the reasons indicated, the judgment is reversed with instructions to overrule the demurrer to the answer as amended and for further proceedings consistent with this opinion.