## HOYTVILLE (village) v HOYTVILLE BANK CO et

Ohio Appeals, 6th Dist, Wood Co

No 573.   Decided Dec 24, 1934

Benjamin F. James, Bowling Green, for plaintiff in error.

John W. Bricker, Attorney General, Columbus, Lelan S. Middleton, Special Counsel, and Bowman & James, for defendants in error.

LEMERT, J, (5th Dist) sitting by designation.

## OPINION

By OVERMYER, J.

Counsel for defendants in error conceded in argument that the petition states a cause of action, and the verification on its face is regular. In the oral motion of counsel for plaintiff in error for leave to amend the verification, made seasonably, he concedes that the verification is improper and asks leave to furnish "a proper verification thereon." The verification is no part of the pleading, and is simply a proceeding required by the Code in order to secure a truthful statement of facts. **31 Ohio Juris., par. 230.** When a verification is improper or defective, or even lacking, and objection is seasonably made, such verification may be amended by leave of court.

The authorities generally hold that if leave to amend or supply the verification is asked in time, the leave can not be refused; others hold it is discretionary with the court. 1 Bates Pleading, 3rd Ed., pp. 319, 320, and cases there cited.

We are of the opinion that the trial court should have allowed the motion of plaintiff in error to amend the verification, if it can be done, by substituting a proper one, as he offered to do, and that it was error to overrule his motion for leave to do so. An attempt was made by the defendants in error on the hearing to show that plaintiff in error could not in fact furnish a proper verification, but that does not alter the fact that he had a right to ask for and be granted an opportunity to furnish it.

For the reasons indicated, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.

LEMERT and LLOYD, JJ, concur.