**J. B. SOMMERS v. COLOURPICTURE PUB. INC., et al.**

8 So. (2nd) 281                                    En Banc

May 26, 1942

660

Van C. Swearingen, for appellant.
Herbert U. Feibelman, for appellees.

PER CURIAM:

This is an appeal from a final decree dismissing a bill of complaint and dissolving an order temporarily restraining levy and execution of a judgment of the Civil Court of Record of Dade County.

Appellee corporation, hereafter called appellee, filed a praecipe for summons from the Civil Court of Record of Dade County against appellant in an action at law. Appellant filed an appearance. On the July Rule Day, 1940, appellee filed a declaration which was unsigned either by the party or his attorney, evidently through inadvertence. July 31, 1940 appellant filed a "Motion to Dismiss" the cause on the ground that no declaration had been filed. August 5, 1940 appellee filed praecipe for default and the clerk entered a default against appellant August 28, 1940. No ruling has ever been made on the "Motion to Dismiss," nor has it been made to appear of record that it was even called up for a hearing. November 13, 1940, the

Court, after notice to counsel, entered an order allowing appellee to sign the declaration, the signature to be effective as of the date of the filing of the declaration. There is nothing in the record to show that the declaration was, in fact, ever actually signed. January 31, 1941 several pleas were, without leave of Court, filed by appellant. February 21, 1941, the court entered an order denying appellant's motion to set aside the default judgment as void. Writ of error was taken to the circuit court and there dismissed June 6, 1941, for the reason that it had not been taken 'in time. The circuit court did, however, state that "It appears that a motion in arrest of judgment may be proper . . . and . . . defect of procedure appears of record. . . ." July 11, 1941 the civil court of record entered an order denying appellant's Motion in Arrest of Judgment. Whereupon, without seeking review by the circuit court of this order, apellant filed his bill in equity in the circuit court reciting all these facts and seeking a decree holding the judgment entered in the lower law court invalid and restraining its enforcement. September 15, 1941, a final decree was entered, dissolving the temporary injunction that had been granted and dismissing the bill of complaint. A petition for interlocutory certiorari was taken to this Court and denied because the order appealed from was a final one; thereafter the cause came before the court by appeal and the order of the circuit court below was affirmed. Petition for rehearing has been filed and denied, and for the following reasons:

It is evident from the record that appellant, although represented by counsel and aserting a defense to the declaration, has suffered judgment by default

without there ever having been any presentation or adjudication of the issues or merits of the cause. The first question, however, is whether the judgment entered in the Civil Court of Record is such that it may be attacked by bill in equity, as here attempted.

The short but thorough opinion of Justice Taylor in Peacock v. Fraster, 52 Fla. 565, 42 So. 889, treats completely the question of impeachment of law judgments in equity. It is stated that fraud, accident, or the wrongful act of the other party, without any negligence on the part of the one complaining, must be shown to have prevented the assertion of a meritorious defense in the proceedings at law. It is further stated that ". . . it is an inadequate ground for relief in equity that the counsel neglected to assign errors, or to take any other requisite step on an appeal or writ of error in the case." The appellant had a remedy for the alleged error in denying motion in arrest of judgment by certiorari from the circuit court, by which to obtain a review of the order of the civil court of record denying the motion in arrest of judgment, which was in effect final in its nature. The allegations of the bill do not establish a sufficient case under the rule of the above decision and also there having been available an adequate remedy at law.

In its appeal and petition for rehearing, appellant depends almost entirely on the case of Baird v. Prewitt, 166 S. W. 771 (Court of Appeals of Ky.) as sustaining his position. In that case a petition for foreclosure of a lien (under statute) was filed, but it was not signed as required. The petition was later signed. After overruling a demurrer to the petition, the court considered the petition as having been signed when filed, so that time for filing an answer

had expired, and, exercising its judicial discretion, denied a request for a continuance for time to prepare and file an answer. This ruling was affirmed on appeal, although the cause was reversed on other grounds.

There is no question of the correctness of the chancellor's ruling below.

For these reasons, the petition for rehearing has been denied, and our former judgment of affirmance of the circuit court's decree is adhered to.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD and CHAPMAN, JJ., concur.

THOMAS and ADAMS, JJ., not participating.