SELLERS, APPELLANT, *v.* WILLIAMS, APPELLEE.

(No. 544—Decided October 26, 1957.)

*Mr. William B. Sampliner* and *Messrs. Bolin & Walker,* for appellant.

*Mr. R. J. Jones, Jr.,* for appellee.

COLLIER, P. J. This is an appeal on questions of law directed to the judgment of the Common Pleas Court of Athens County, sustaining the motion of the defendant, appellee here-

in, to strike the petition of plaintiff, appellant herein, from the files for the reason no verification was attached thereto. At the same time the lower court overruled plaintiff's motion for permission to supply such verification.

The petition was filed with the clerk on July 5, 1957, seeking damages for personal injuries resulting from an automobile collision which occurred July 29, 1955. On August 2, 1957, the defendant filed his motion for an order to strike the petition from the files because it had not been verified as required by Section 2309.46, Revised Code. On September 4, 1957, plaintiff filed a motion requesting permission to verify her petition. On September 9, 1957, the plaintiff's motion was overruled and the defendant's motion was sustained. The plaintiff has perfected her appeal and claims that the lower court committed error in said rulings on the respective motions. Section 2309.46, Revised Code, provides:

"Every pleading and motion must be subscribed by the party or his attorney, and every pleading of fact * * * must be verified by the affidavit of the party, his agent, or attorney. * * *"

The question presented is whether, under these circumstances, the verification may be supplied by amendment. It will be observed that this is an action for bodily injuries alleged to have been sustained July 29, 1955; that, under the provisions of Section 2305.10, Revised Code, such action must be brought within two years after the cause of action arose; and that such period of time had expired on September 4, 1957, when the plaintiff first requested permission to verify her petition.

Apparently this question has been decided in only two Ohio cases, in which there was no attempt to verify the petition, and in both cases it was held that the omission may not be supplied by amendment. In *Boyles* v. *Hoyt,* 2 W. L. M., 548, 2 Dec. Rep., 376, Athens County District Court, 1860, the syllabus reads in part:

"When a petition is filed without having been verified, the omission cannot be supplied by an amendment; it must be stricken from the files, and the case is then out of court."

A similar conclusion was reached in *Stevens* v. *White* (1859), 1 W. L. M., 394, 2 Dec. Rep., 107. However, in *Meade*

v. *Thorne* (Pickaway County Common Pleas Court, 1859), 2 W. L. M., 312, 2 Dec. Rep., 289, and in *Hoytville* v. *Hoytville Banking Co.* (1934), 18 Ohio Law Abs., 191, permission was granted to correct defective verifications, and in each case the court went further and said that in the absence of any verification the same could be supplied by an amendment. These opinions expressed by the courts were not necessary to the decisions of the courts in these cases, and are, therefore, obiter dictum, merely an expression of the view of the judge rendering the opinion.

In the *Boyles case, supra* (2 W. L. M., 548), Whitman, J., says:

"Where the original petition in a case is not sworn to, the clerk has no right to issue a summons thereon; it is a nullity; it is no petition, and hence should be stricken from the files; and if stricken from the files, the whole case is gone with it, and a new petition must be filed, and a new summons be issued and served."

We concur in this conclusion. In the instant case there was no attempt to comply with the statute requiring a verification of the petition. A different situation exists where there is a defective verification. In that event there is something to amend; the requirement has been met although it has been done irregularly. Where the verification is lacking there is nothing to amend. To permit the plaintiff to supply the affidavit after the expiration of the period of time within which such action must be brought would be to extend the time to bring such action beyond the period fixed by statute. No such power is vested in the courts.

We find no error prejudicial to the rights of the appellant and, therefore, the judgment of the Common Pleas Court must be, and hereby is, affirmed.

*Judgment affirmed.*

GILLEN and RADCLIFF, JJ., concur.