Herbert, J.
The question presented in this appeal is whether a petition, signed by plaintiff’s attorneys but not verified and which is timely filed and on which service of summons has been secured and return made thereon, may be thereafter *94 amended by tbe addition to the petition of a verification of the pleaded facts?
While this question seems to have been considered and decided in a number of trial courts in the state going back many years and also in a few of the appellate districts, it appears to be a matter of first impression in this court.
In Ohio it is well known that verification of a pleading of fact is required by statute.
Section 2309.46, Revised Code, provides, in part, as follows:
“Every pleading and motion must be subscribed by the party or his attorney, and every pleading of fact, except as provided in Section 2309.47 of the Revised Code, must be verified by the affidavit of the party, his agent or attorney * *
Section 2309.47 is not applicable in this case.
When the Code of Civil Procedure was prepared by the Commissioners on Practice and Pleadings and submitted to the General Assembly of Ohio, which code was enacted on March 14, 1853, the report of the. commissioners (Ohio Code Report of Commissioners) set out the reasons for the proposed requirement of verification of pleadings of fact. The report read in part as follows:
“We think, if pleadings are required to be verified, although the same number of suits should be brought, not half the number of witnesses will be necessary, which have heretofore been used in trials. It would not deter an honest man from making a just claim or defense. All such claims and defenses should be encouraged. ‘Certainly to encourage all rightful litigation, and check the wrongful; opening wide the doors of courts to honest suitors, and, as far as possible, to them alone, and favoring only the resistance to unjust demands, must ever be the great object of the lawgiver.’ The verification of pleadings would in our opinion go far towards, 1. Preventing unjust claims; 2. Shortening pleadings; 3. Dispensing with witnesses; 4. Shortening the time occupied in trials, and 5. Saving costs to the parties.”
That statement summarized the reasons advanced for requiring verification of pleadings of fact.
*95 Following the enactment by the Ohio General Assembly of the Code of Civil Procedure, the effect of this requirement began to be considered in cases decided in the Courts of Common Pleas and in the District Courts. See Stevens v. White (1859), 2 Dec. Rep., 107, 1 Western Law Monthly, 394; Meade v. Thorne (1859), 2 Dec. Rep., 289, 2 Western Law Monthly, 312; Boyles v. Hoyt (1860), 2 Dec. Rep., 376, 2 Western Law Monthly, 548.
In Meade v. Thorne, supra, the verification was defective, not absent. In Boyles v. Hoyt, supra, verification was permitted to be added to an amended petition, but the court there held that the amended petition was filed as of the date of verification.
Those early cases were decided shortly after the transition from common-law pleading to code pleading.
Two decisions of Courts of Appeals may be noted, one being Hoytville v. Hoytville Bank Co. (1934), 18 Ohio Law Abs., 191, decided by the Court of Appeals for Wood County. In that case the Court of Appeals held that it was error for the trial court to deny the plaintiff an opportunity to amend an improper or defective verification. In the Athens County case of Sellers v. Williams (1957), 105 Ohio App., 332, 152 N. E. (2d), 299 (on which the Court of Appeals in the instant case largely based its decision), the syllabus states: “A petition which has not been verified will be stricken from the files; and, where the time within which to bring the action has expired, the plaintiff will not be permitted to, thereafter, supply such verification.”
In that case the court quoted the language and concurred in the conclusion- of Whitman, J., in the Boyles case, supra, that an unverified petition is a nullity. This conclusion is not. accepted by a majority of this court as is shown later herein but, as to the propriety of the defendants’ motion here there can be no question. Accordingly, we hold as set forth in para-graph one of the syllabus above.
This ruling does not wholly dispose of the issue, however, because the question remains as to whether, upon application to amend filed before defendants’ motion has been ruled on, a verification may be added to a timely filed petition containing *96 none after the time fixed under the statute of limitations applicable to the cause of action has expired. This squarely raises the issue of the discretionary power of the trial court under the applicable statutes.
The earlier Ohio decisions cited above seem to indicate a rule that, although a defective verification may be amended, a petition without a verification is a nullity and that, therefore, no petition having been filed no action is commenced. It should not require much persuasion, however, to realize that we are here dealing with remedial laws.
Section 1.11, Revised Code, states:
“Remedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice. The rule of the common law that statutes in derogation of the common law must be strictly construed has no application to remedial laws; but this section does not require a liberal construction of laws affecting personal liberty, relating to amercement, or of a penal nature.”
Mindful of this legislative mandate, let us consider other provisions. Section 2309.02, Revised Code, defines pleadings in civil actions. Section 2309.03 requires that every pleading must contain the name of the court and the county in which the action is brought, the names of the parties, and the name of the pleading. Section 2309.04 requires that the petition must contain a statement of facts constituting a cause of action in ordinary and concise language and a demand for the relief to which the plaintiff claims to be entitled. Section 2309.46 requires that every pleading of fact (except those exempted under Section 2309.47) must be verified by the affidavit of the party, his agent or attorney. Reading these sections together, it would appear clear that the verification is a requisite part of the petition. In its absence, of course, the petition is defective. But should it be treated as a nullity?
Section 2309.55, which provides that any time before the answer is filed the plaintiff may amend his petition without leave or prejudice to the proceedings, may be noted. Under Section 2309.56, when a demurrer is filed to a petition, the plaintiff has ten days within which to amend without leave. Under Section 2309.60, where a demurrer is sustained, the ad *97 verse party may amend if the defect can he remedied “with or without costs” as the court directs. There the discretion as to costs up to that point is clearly vested in the trial court. If a plaintiff should file a petition properly verified, but one which shows on its face that it was filed after the statutory time within which he might bring his action, still some form of motion or demurrer would be necessary by the defendants in order to properly dispose of the case. A motion is defined in Section 2309.65 as an “application for an order, addressed to the court,” and under the provision of Section 2311.09, the court may hear a motion at any time.
Procedurally, it cannot be said that the proper steps were not taken by both parties in this case following the filing of the petition without a verification attached.
Section 2305.10, Revised Code, provides that an action for’ bodily injury shall be brought within two years after the cause thereof arose. Section 2305.17 provides, in part:
“An action is commenced within the meaning of Sections 2305.03 to 2305.22, inclusive, # * * as to each defendant, at the date of the summons which is served on him * * *.
“Within the meaning of such sections, an attempt to commence an action is equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt is followed by service within 60 days.”
Here, it should be clear that, unless the petition is to be treated as a nullity .for lack of verification, the action was brought when the petition was filed on June 20, 1958, and was commenced as of June 21, 1958, when service was had upon the defendants, subject, of course, to an order of the court to quash service. This brings us then to the broad language of Section 2309.58, Revised Code, which is as follows:
“Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to tKe case, or, when the amendment does not substantially change the claim or defense, by conforming the pleading or proceeding to the facts proved. When *98 an action or proceeding fails to conform to the laws governing civil procedure, the court may permit either to be made conformable by amendment.” (Emphasis added.)
The above language was in substantially the same form as part of Section 137 of the original Code of Civil Procedure. 51 Ohio Laws, 57, 58.
In the case of Irwin v. Bank of Bellefontaine (1856), 6 Ohio St., 81, this court had before it the question of whether a substantially defective appeal bond, filed to vacate a judgment of the Court of Common Pleas and transfer the action for trial to the District Court, required the appeal to be quashed, or whether the court had power to grant leave to amend. Leave was granted to amend the bond. In the opinion by Swan, J., it is stated, at page 89:
“It is claimed that it is so defective, and the mistakes therein so gross, that no amendment can be allowed, that, as the instrument is not a bond, there is nothing to amend by.
“If this position be correct, an instrument in accordance with the statute, but omitting, by accident, a scrawl seal to the signatures, would be too defective for correction, it not being a bond. This is too narrow a construction of the power to amend. The Code authorizes an amendment when the mistake goes to the substance of the pleadings or proceedings. It further authorizes an amendment of a mistake in any respect. Broader and more efficient language could hardly have been used to vest this power. The only limit seems to be to cases where an amendment would not be in furtherance of justice. While, on the one hand, courts will not visit upon a suitor the mistakes of his attorney, by throwing his case out of court, they will, at the same time, carefully protect the party who objects to a defect in pleadings or proceedings from suffering any unreasonable delay or injustice by the correction of mistakes. Cases, undoubtedly, will occur where it will not be in furtherance of justice, but a manifest and clear encouragement of a litigious spirit to permit an amendment; and probably, in such cases, the court will not interpose. Where, too, the defect in the proceeding is so gross, or is'committed under such circumstances, as to indicate that the defect itself was designed, and not simply a mistake, the court would probably refuse per mis *99 sion to amend; for in such case no mistake has in fact been made.”
The above statement is persuasive in the instant case. In other cases, this court has liberally construed these provisions of the Code of Civil Procedure. See Conn v. Rhodes, 26 Ohio St., 644, First National Bank of Sidney v. Reed, 31 Ohio St., 435, and Bingham v. Hill, 38 Ohio St., 657.
In the case of Cincinnati, Hamilton & Dayton Ry. Co. v. Bailey, 70 Ohio St., 88, 70 N. E., 900, the issue involved a petition in error not signed by the company, its counsel or anyone representing it. A motion to strike was filed in the Circuit Court, and a motion by the company for leave to amend the petition by signing it was denied. This court reversed that judgment, relying on Section 5114, Revised Statutes (now Section 2309.58, Revised Code).
Where amendment of defective pleadings has been allowed after the period of limitation has expired, see Louisville & Nashville Rd. Co. v. Greene, Admx., 113 Ohio St., 546, 149 N. E., 876, Brown v. Cleveland Baseball Co., 158 Ohio St., 1, 106 N. E. (2d), 632, Cohen v. Bucey, 158 Ohio St., 159, 107 N. E. (2d), 333, and Morton v. Fast, Exr., 159 Ohio St., 380, 112 N. E. (2d), 385. Where amendment as to parties has been allowed after expiration of the time fixed by the statute of limitations, see Douglas, Admx., v. Daniels Bros. Coal Co., 135 Ohio St., 641, 22 N. E. (2d), 195, 123 A. L. R., 761, and Kyes, Admr., v. Pennsylvania Rd. Co., 158 Ohio St., 362, 109 N. E. (2d), 503.
In other states in which codes of civil procedure have been adopted, the courts have liberally construed the statutes relating to the verification of pleadings and have permitted omitted verifications to be added. See City of Dayton v. Hirth (1905), 121 Ky., 42, 87 S. W., 1136; Chisholm v. Vocational School for Girls (1936), 103 Mont., 503, 64 P. (2d), 838; People v. Birch Securities Co. (1948), 86 Cal. App. (2d), 703, 196 P. (2d), 143; Baird v. Prewitt (1914), 158 Ky., 793, 166 S. W., 771; Chandler v. Taylor, Judge (1944), 234 Iowa, 287, 12 N. W. (2d), 590.
Whether the verification is a part of the pleading is not ultimately controlling or decisive here for the reason that Section 2309.58, Revised Code, authorizes the court to “amend *100 any pleading, process, or proceeding.” In the view of the writer, the better practice would be to treat the verification as a required part of the pleading, but whether it is or not, it certainly is a part of the process or proceeding and its omission could be a mistake. Note, we say, “could be,” and not, “is,” in view of Section 2309.50 (permitting a verification by a nonresident to be by affidavit made before and filed with the pleading, stating the substance of the facts afterwards inserted in the pleading) and Section 2309.53 (D) (permitting a verification by the attorney “when the party * * * is not a resident of, or is absent from the county”). It is up to the trial court, upon inquiry and within its discretion, to determine the question.
Although involving a section of the Revised Code not under consideration here (Section 2305.19), the rule of liberal construction of a remedial statute was restated unanimously by the six participating members of this court in paragraphs one and two of the syllabus in Cero Realty Corp. v. American Manufacturers Mutual Ins. Co., 171 Ohio St., 82.
After reviewing the various statutory provisions and adjudicated decisions cited herein, we hold to the view that a timely filed unverified petition is not automatically a nullity, but that the Legislature has vested broad discretionary power in the trial court, “in the furtherance of justice and on such terms as it deems proper, ’ ’ to allow or disallow the amendment of a petition by adding a verification thereto.
In the case of Kokolakis v. Paris, No. 35733 in this court (motion to certify overruled November 26, 1958), this same Court of Appeals indicated similar views when it reversed the judgment of the trial court on the following set of facts:
An original petition to contest a will was timely filed, verified by the Greek Consul General named as a party plaintiff along with six brothers and sisters of the decedent, residents of Greece. A demurrer to the original petition was sustained on the ground of misjoinder of parties plaintiff, the trial court holding that the Greek Consul General was not a necessary or proper party to the suit. When the amended petition was filed after the expiration of the six months fixed by the statute of limitations a motion to quash service of summons was *101 sustained by the trial court although the amended petition was properly verified. In reversing the judgment of the trial court, McLaughlin, J., stated in the opinion (concurred in by the other two members of the court), as follows:
“Ohio statutes give broad and liberal power of amendment of pleadings, provided only that the amended pleading is in furtherance of justice and does not in any way substantially prejudice the opposing party. (See Section 2309.58, Revised Code.)
“The fact that the verification was defective or even lacking did not destroy the character of the original petition. It was still a petition. Such defects may be cured by amendments. See Dunaway v. Torline, 90 Ohio App., 516, at page 518.
“In the instant case the defective verification was merely a defect in pleading. It did not change the character of the cause of action and it could be cured by amendment.
“The proper amendment having been made after the period of limitation had expired, would it relate back to the commencement of the action? Yes. See 31 Ohio Jurisprudence, 35, page 957 * * *.
it* # *
“If reasonably possible procedural statutes should be interpreted so as to permit the trial of causes on their merits, rather than to prohibit such trials.
“We therefore hold that in a will contest a defective or missing verification may be cured or supplied by the filing of an amended petition, which could be filed after the statute of limitations had run and would relate back to the commencement of the action.”
In the Kokolakis case, the original verification by the Consul General was for himself alone and not for the brothers and sisters, so that when it was ruled that he was not a proper party plaintiff the petition as originally filed was left without verification just as much as in the instant case. Accordingly, we hold in this case that where the trial court upon inquiry determines that the omission of the verification was a mistake within the purview of Section 2309.58, Revised Code, the court may, within its discretion as set forth above, allow such petition to be amended by the addition of a verification thereto.
*102 The judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas for further proceedings in accordance with the second paragraph of the syllabus herein.

Judgment reversed. ■

Taft, Matthias and Bell, JJ., concur in paragraph two of the syllabus and in the judgment but dissent from paragraph one of the syllabus.
Weygandt, C. J., Zimmerman and Peck, JJ., concur in paragraph one of the syllabus but dissent from paragraph two thereof and from the judgment.