diction of the person of the defendant. And thus, also, the court in Mercer County can acquire jurisdiction of the subject matter of the action and also the jurisdiction of the person of the defendant. The plaintiff has exercised his choice and brought the action in Mercer County. Hence, the plaintiff will be permitted to amend his petition by alleging that the defendant is a domestic insurance corporation and summons may be issued to Franklin County to be served upon one of the principal officers of the defendant.

Any expressions of opinion, findings, rulings or orders of the court contained in the opinion of the court filed October 31, 1969, that are contrary to the expressions of opinion, findings, rulings or orders contained herein are hereby superseded.

*Motion to amend sustained.*

CITY OF CINCINNATI *v.* HAWTHORNE ET AL.

[Cite as Cincinnati v. Hawthorne (1970), 23 Ohio Misc. 325.]

(No. A 238825—Decided April 27, 1970.)

Common Pleas Court of Hamilton County.

*Mr. William A. McClain,* city solicitor, *Mr. Thomas H. Crush* and *Mr. John P. Scahill,* for plaintiff.
*Mr. Thomas C. Spraul,* for defendants.

CASTLE, J. In order to orient ourselves, a brief review of the pleadings seems in order. On April 14, 1969, the City of Cincinnati filed both a declaration of intention and a petition for appropriation of real estate, specifically a portion of the property owned by defendants Ross E. and Antoinette Hawthorne. Proper service of summons on the defendant property owners was had and returned. On May 19, 1969, property owners Ross E. Hawthorne and Antoinette Hawthorne caused to be filed an instrument purporting to be an answer. On October 27, 1969, over five months following defendants' filing, the plaintiff city filed a motion to strike that instrument, alleging that "said alleged answer is not subscribed or verified in accordance with the applicable law regarding answers as set forth in Section 2309.46, Revised Code of Ohio." On November 18, 1969, the city filed a motion for declaration of value, which motion would, of course, be authorized by R. C. 163.09(A) in the event that movants' position with respect to the motion to strike is well taken. Consequently, our consideration herein addresses itself to that motion to strike.

An analysis of the instrument in question will disclose the uniqueness of our problem. The lack of a verification of a pleading, which is our question here, is not a novel situation, as will be discussed later. However, the instrument before us which this court has been asked to construe as a proper pleading by the property owner is certainly novel. The instrument is on standard 8½ x 11 lined loose leaf paper, drawn in black ballpoint pen and subscribed by the property owners. It is entitled "Attention of Clerk of Common Police Court. May 19, 1969," and reads:

"I, Ross Hawthorne, ask the Courts appeal of the City of Cincinnati's offer to pay a total of $800. or $1000. as offered by City Representative, for Purchase of property at 4720 Ridge Ave. Oakley, Ohio.

"It is my wish for permission to bring certain existing facts to the attention of the Court showing this stated amount of money as being unfair and underestimated.
"/S/ Ross Hawthorne
Antoinette Hawthorne"

There are no less than five stamps or markings, including that of the clerk of courts' time stamp, on this instrument which are found on each and every pleading and motion filed in this court. It is further interesting to note that, obviously, one of the employees of this court made certain corrections on that instrument at the time the property owners presented it for filing. They are: (1) the addition of the case number at the top of the page, (2) the correction of the word "Police" to read "Pleas," and (3) the addition of the words "Answer of Ross Hawthorne and Antoinette Hawthorne." Each correction appears in blue ball point pen on that instrument.

These circumstances, it seems to this court, cry out for relief. We have a property owner, not a lawyer, but a layman who, in order to protect his rights and comply with the summons he received, comes to this courthouse, consults with an employee of this court, and makes a bona fide effort to comply with the attendant red tape and procedure which as we all know can be confusing even to an attorney. It is further compelling that both before, during and after the filing of the petition the property owners were negotiating with a representative of the condemning authority who has, it is alleged in the property owners' affidavit, assured those property owners that in the event a settlement figure is not agreed upon, the cause will, at a later date, be tried by a jury.

With the foregoing consideration in mind, we come now to the one basic question before us and that is: Is this instrument an answer? The movant cites an Athens County Court of Appeals case, *Sellers* v. *Williams,* 105 Ohio App. 332, which, the movant urges, makes this instrument a mere nullity for lack of verification. However, the *Sellers case* is quite different for several reasons. First, the *Sellers case* involves a petition, not an answer. A petition avers ultimate facts; this instrument, it is this court's opinion, presents no "ultimate facts" as such. Secondly, a petition is that on which a summons is issued. If a petition fails, the summons fails. If the summons fails, the cause is not at issue. Such is not the case here, obviously. With respect to a petition, its subscription, verification and prae-

cipe, service upon the defendant and return, we concern ourselves with such things as venue and jurisdiction of the court, among other things. In its simplest form one of the most basic questions a court must answer when it permits a plaintiff to proceed is—*Has the defendant been apprised of the fact that he has been sued,* or to put it another way, *has notice to the defendant been such as to comply with the traditional concepts of justice and fair play?* Concerning the instant case, the answer is of course in the affirmative. Inverting the foregoing analysis, we are asked by the movant to stretch these concepts to a dryly logical conclusion and say that the purported answer of the defendant property owner (*merely by virtue of the lack of verification*) has failed to notify the plaintiff, in such a manner as will comply with the traditional concepts of justice and fair play, that the defendant wishes to litigate the issues raised by the plaintiff, in this forum, before twelve of his peers. If our primary obligation is to see that substantial justice is done the parties before us, to concede the plaintiff's position in the present case would be, it seems, to effect a denial of the spirit and concept of due process.

This court further finds it quite interesting to note in the defendants' affidavit that the defendants and representatives of the city were in this courtroom on that date set for trial by the Assignment Commissioner, at which time the defendant was advised by the plaintiff that the matter would not be tried that day but at a later date and hence the matter was continued. We have not been asked by the defendant to consider whether the plaintiff did not at that time waive the objection now being raised.

Turning now to Title 1, Chapter 163, of the Ohio Revised Code, we find in R. C. 163.08, the commencement for our analysis from a statutory standpoint, sufficient reasons to overrule the plaintiff's motion. The second sentence in that section reads as follows:

"Such answer shall be verified *as in a civil action* and shall contain . . ." (Emphasis added.)

Further, in R. C. 163.22, the following language is found, with emphasis added:

"All proceedings brought under Sections 163.01 to 163.22, inclusive, of the Revised Code, *shall be governed by the law applicable in civil actions* in the court of common pleas except as otherwise provided in such sections."

In R. C. 163.12, the second paragraph reads as follows:

"The Court may amend *any defect or informality* in proceedings under Sections 163.01 to 163.22, inclusive, of the Revised Code. The court may cause new parties to be added, and direct such further notice to be given to a party in interest as the court deems proper." (Emphasis added.)

Proceeding to R. C. 2309.46, as we are directed to do in the second sentence of R. C. 163.08, we find the following language:

"Every pleading and motion must be subscribed by the party or his attorney, and every pleading *of fact* * * * must be verified by the affidavit of the party, his agent, or attorney * * * ." (Emphasis added.)

Keeping in mind the *"clear mandate"* found in the third paragraph of R. C. 163.12, which reads: "No part of the pleadings, other than the petition, shall be read or exhibited to the jury," it seems to this court that, contrary to the movant's position, this defect in the pleadings, which in no way affects the *rights* of the adverse party, must in fact be disregarded.

In conclusion two cases of the Supreme Court of Ohio seem to dispose of our question. First, the case of *Hunt* v. *Rohrbaugh Enterprises, Inc.*, 171 Ohio St. 92, is, in this court's opinion, quite pertinent to our decision. Paragraph 2 of the syllabus of that case reads as follows:

"In such a case, where the court, upon inquiry, determines that the *omission of the verification* was a mistake within the purview of Section 2309.58, Revised Code, which provides in part that 'the court may amend any pleading, process, or proceeding * * * by correcting a mistake * * * in any other respect * * * ' and further provides that, 'when an action or proceeding fails to conform to the laws governing civil procedure, the court may permit either to be made conformable by amendment,' it may within its discretion, '*in furtherance of justice and on* such terms as

it deems proper,' allow such petition to be amended by the addition of a verification thereto." (Emphasis added.)

Again it is compelling when one bears in mind that we are here dealing with verification of an answer, not a petition; the distinction being not merely terminological, hence the difference quite possibly rather substantial.

The other case being *City of Cincinnati* v. *Bossert Machine Co.*, 16 Ohio St. 2d 76, in which case the property owner failed to file any answer whatever, seems to provide this court with even further reasons for overruling plaintiff's motion. The following extracts from Justice Schneider's opinion in that case are of importance:

(1) In the footnote on page 78 of the opinion, Chief Justice Taft and the writer, Justice Schneider, felt that the opinion and syllabus should be qualified by the following words, "whereas in each of those cases, the landowner advanced no *reasonable justification* for failure to file his responsive pleading within the time provided by the statute." (Emphasis added.)

(2) The last sentence of the second full paragraph on page 79 reads as follows:

"Appellee's failure, *without justification*, to conform to those procedures constitutes waiver of a trial by jury." (Emphasis added.)

It therefore appears to this court in light of the foregoing that to overrule the plaintiff's motion to strike the answer is required not only by our interpretation of the various relevant expressions by our Legisature but also the Supreme Court cases cited herein.

*Motion overruled.*